**Samvel MARTIROSUTYAN, Larisa Tavrizyan, Petitioners,**

**v.**

**Alberto R. GONZALES,\* United States Attorney General, Respondent.**

No. 05–0102–ag.

United States Court of Appeals, Second Circuit.

May 10, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

mer Attorney General John Ashcroft as the respondent in this case.

H. Raymond Fasano, New York, New York, for Petitioner.

Chuck Rosenberg, United States Attorney for the Southern District of Texas; James L. Turner, Assistant United States Attorney, Houston, Texas, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 10th day of May, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Samvel Martirosutyan and Larisa Tavrizyan, through counsel, petition for review of the December 2004 BIA order denying their motion to reopen the BIA's August 2004 decision affirming Immigration Judge ("IJ") Philip Morace's decision denying their application for asylum and withholding deportation. We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted).

Here, the BIA did not abuse its discretion in denying petitioners' motion to reopen. The BIA reasonably found that the affidavits and payment receipts submitted with the motion, which concerned only the "fraudulent representation" of their former counsel, were not highly probative of their asylum, withholding of removal, and CAT claims, and that they had not met their heavy evidentiary burden. *See Matter of Coelho*, 20 I. & N. Dec. 464, 473, 1992 WL 195806 (BIA 1992) (holding that a movant bears the "heavy burden" to demonstrate that if the motion to reopen were granted, the new evidence would likely change the result in the case). Additionally, the BIA properly found that petitioners had not complied with *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988), inasmuch as there was no evidence that petitioners had informed either Kurilovich, or the persons who actually represented them during removal proceedings, of the allegations leveled against them and provided an opportunity for them to respond, or filed a complaint with the appropriate disciplinary authorities.

Further, even assuming *Lozada* compliance, the BIA reasonably found that petitioners had not demonstrated any prejudice resulting from their prior representation such as would affect the outcome of their case and amount to a due process violation. For instance, petitioners failed to challenge the IJ's adverse credibility determination or provide medical evidence to substantiate their claim that Martirosutyan's health problems negatively affected his memory. In addition, the BIA properly affirmed the IJ's grant of voluntary departure, given that (1) petitioners had been represented by counsel at the time;

(2) petitioners failed to demonstrate any prejudice amounting to a due process violation, particularly in view of their failure to establish eligibility for any relief other than voluntary departure; and (3) the IJ explained the consequences of voluntary departure prior to the end of the hearing. Accordingly, the BIA did not abuse its discretion in denying petitioners' motion to reopen their removal proceedings. *See Ke Zhen Zhao,* 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).